UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PETER KUHNMUENCH and
THERESA KUHNMUENCH,

      Plaintiffs,

v.

LIVANOVA PLC; LIVANOVA
HOLDING USA, INC.; and LIVANOVA
DEUTSCHLAND GMBH,

      Defendants.
_____/

Case No. 17-11719

Paul D. Borman
United States District Judge

Stephanie Dawkins Davis
United States Magistrate Judge

## OPINION AND ORDER GRANTING DEFENDANT LIVANOVA DEUTSCHLAND'S MOTION TO (1) VACATE CLERK'S ENTRY OF DEFAULT AND (2) FILE ANSWER TO FIRST AMENDED COMPLAINT

This is a product-liability action brought by Plaintiffs Peter and Theresa Kuhnmuench against three related defendants: LivaNova PLC ("**LivaNova**"), LivaNova Holding USA, Inc. ("**LivaNova USA**"), and LivaNova Deutschland GmbH ("**LivaNova Deutschland**"). Before the Court is LivaNova Deutschland's Motion to Vacate the Clerk's Entry of Default and File an Answer to the First Amended Complaint. (ECF No. 21.) For the reasons below, the Court will grant LivaNova Deutschland's Motion.

### I. BACKGROUND

Each of the three Defendants in this action has proceeded differently in litigating this matter so far. As the instant Motion was filed by LivaNova

Deutschland alone, the following procedural history concerns that Defendant only.

Plaintiffs filed their initial Complaint on May 31, 2017. (ECF No. 1, Compl.) The Complaint alleged that in the course of undergoing heart surgery in 2014, Plaintiff Peter Kuhnmuench suffered a severe infection as a result of bacteria that originated in a device used during the operation: the Sorin 3T Heater-Cooler System. (Compl. ¶¶ 40-59.) The Complaint further alleged that the 3T Heater-Cooler System was "designed, manufactured, marketed, and/or sold by" Defendants to the hospital at which the surgery was performed. (Compl. ¶¶ 17-30.) Invoking this Court's diversity jurisdiction, the Complaint asserted five claims: Negligence (Count I), Breach of Implied Warranty of Fitness (Count II), Breach of Express Warranty (Count III), Gross Negligence (Count IV), and a derivative Loss of Consortium claim asserted by Plaintiff Theresa Kuhnmuench, Peter's wife (Count V). (Compl. ¶¶ 60-86.)

On the same day the Complaint was filed, Plaintiffs' counsel Justin Hakala sent a copy of the Complaint to seven attorneys—three of whom work for a law firm that represents Defendants in this action and two of whom have since appeared in this case. In the email, Hakala stated that he understood that the recipients represented the Defendants in this case in other actions, and for that reason was forwarding them a courtesy copy of the Complaint. (ECF No. 26, Pls.' Resp. Ex. 1.)

Five days later, on June 5, 2017, Hakala sent requests for waiver of service to

LivaNova and LivaNova Deutschland. (Pls.' Resp. Ex. 2.) Three days after that, Defendants' counsel Linda S. Svitak responded to the waiver request sent to LivaNova (without making reference to the request sent to LivaNova Deutschland) in an email to Hakala. The first paragraph of that email read as follows:

> [LivaNova] received your request for a waiver of service which includes a statement that you will seek the costs of service if it fails to accept service. While this may be possible for defendants located in the U.S., you have chosen to sue a foreign corporation and it has the right to expect that procedural rules will be followed, including those related to service. Consequently, a foreign corporation is not penalized for exercising its rights to proper service of process, and Fed. R. Civ. P. 4(d)(2) regarding failure to waive service expressly applies only to "a defendant located in the United States."[1] It does not apply to foreign corporations headquartered in Europe, which are subject to separate privacy and procedural laws.

(Pls.' Resp. Ex. 3.) Svitak went on to argue that LivaNova was not subject to personal jurisdiction in Michigan or elsewhere in the United States, and offered to discuss the matter further. (*See id.*)

On June 24, 2017, Svitak emailed Hakala again, stating in pertinent part:

> I am writing for clarification as to the current status of service in the above case as it is confusing. Some time ago, you mailed requests for waivers of service to LivaNova and [LivaNova Deutschland], which they declined for a number of reasons. Since that time, it appears that [LivaNova USA] has been served three separate times-- on June 8, 13 and 14—and we will be answering soon on behalf of [LivaNova USA].

---

[1] Federal Rule of Civil Procedure 4(d)(2) requires a court to impose the costs of service, including attorney's fees, on a defendant located within the United States who refuses a request to waive service without "good cause."

However, we are not aware if either LivaNova or [LivaNova Deutschland] has been served. Could you please confirm for me?

(ECF No. 22, Declaration of Jared Briant Ex. A, June 24 Email.) Hakala did not respond. (Briant Decl. ¶ 6.)

After LivaNova Deutschland refused to waive service, Plaintiffs had the summons and complaint translated into German and served on LivaNova Deutschland pursuant to the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents, 20 U.S.T. 361. (*See* Pls.' Resp. at 7-8, Pg ID 902-03.) Plaintiffs' certificate of service, filed on September 8, 2017, reflects that the summons and complaint were delivered to LivaNova Deutschland's office in Munich on August 11, 2017. (ECF No. 18.) Defendants' counsel Jared Briant avers that LivaNova Deutschland did not send the summons and complaint to him until August 23, and that he "through inadvertence" did not open the attachment to the email (which stated that an answer to the complaint was due September 1) until September 11. (Briant Decl. ¶ 4.) Briant suggests that LivaNova Deutschland's delay was at least in part because most of LivaNova Deutschland's legal team was out of the office on holiday. (Briant Decl. ¶ 2.)

Plaintiffs filed their certificate of service on the docket on September 8, 2017—nearly one month after the summons and complaint had been served on LivaNova Deutschland on August 11. (ECF No. 18.) Then, on September 11, three days after the certificate of service was filed on the docket, Plaintiffs requested the

entry of default, and it was granted the same day. (ECF Nos. 19, 20.)

One week later, LivaNova Deutschland filed a Motion to Vacate the Clerk's Entry of Default and File an Answer to the First Amended Complaint. (ECF No. 21, LivaNova Deutschland Mot.) In support of its Motion, LivaNova Deutschland filed a Declaration by attorney Jared Briant, as well as a proposed answer to the Amended Complaint. (ECF No. 22, Declaration of Jared Briant; Ex. B, Proposed Answer.) Plaintiffs filed a timely Response on October 2, 2017. (ECF No. 26, Pls.' Resp.) LivaNova Deutschland filed a timely Reply on October 9, 2017. (ECF No. 28, LivaNova Deutschland Reply.) The Court conducted a hearing on the Motion on Friday, October 27, 2017, and now issues the following ruling.

## II. LEGAL STANDARDS

Federal Rule of Civil Procedure 55(c) provides that "[t]he court may set aside an entry of default for good cause, and it may set aside a default judgment under Rule 60(b)." Fed. R. Civ. P. 55(c). Rule 60(b) provides that a court may set aside a final judgment, order or proceeding for certain enumerated reasons including "mistake, inadvertence, surprise, or excusable neglect." Fed. R. Civ. P. 60(b)(1).

Courts evaluate the same three factors under both rules: "whether (1) the default was willful, (2) a set-aside would prejudice plaintiff, and (3) the alleged defense was meritorious." *United Coin Meter Co. v. Seaboard Coastline Railroad,* 705 F.2d 839, 844 (6th Cir. 1983). Even so, "the standard for applying [the

5

three factors] to a motion to set aside a final judgment under Rule 60(b) is more demanding than their application in the context of a motion to set aside an entry of default under Rule 55(c)." *Dassault Systems, SA v. Childress*, 663 F.3d 832, 839 (6th Cir. 2011). The Sixth Circuit has explained the differences between the Rule 55(c) "good cause" standard and Rule 60(b) standard as follows:

> Once a defendant fails to file a responsive answer, he is in *default,* and an entry of *default* may be made by either the clerk or the judge. A *default judgment* can be entered by the clerk only if a claim is liquidated, or if a claim is unliquidated, by the judge after a hearing on damages. A *default* can be set aside under rule 55(c) for "good cause shown," but a default that has become final as a *judgment* can be set aside only under the stricter rule 60(b) standards for setting aside final, appealable orders.

*Dassault Systems*, 663 F.3d at 839 (quoting *Shepard Claims Serv. Inc. v. William Darrah & Assocs.,* 796 F.2d 190, 194 (6th Cir. 1986)) (emphasis in original)). The more stringent Rule 60(b) standard does not apply unless "the court has determined damages and a judgment has been entered." *Dassault Systems*, 663 F.3d at 839 (quoting *O.J. Distrib., Inc. v. Hornell Brewing Co.,* 340 F.3d 345 (6th Cir. 2003)). Here, there has been neither a final judgment entered nor any money damages awarded. The Court will therefore evaluate the three factors under the less strict "good cause" standard of Rule 55(c).

As a general rule, Sixth Circuit decisions on Rule 55(c) motions to set aside default are "extremely forgiving to the defaulted party and favor a policy of resolving

6

cases on the merits instead of on the basis of procedural missteps." *United States v. $22,050.00 U.S. Currency*, 595 F.3d 318, 322 (6th Cir. 2010) (collecting cases).

### III.     DISCUSSION

LivaNova Deutschland argues that the *United Coin Meter* factors favor setting aside the default in this case. The default was not willful, LivaNova Deutschland argues, because both LivaNova Deutschland's delay in sending the pleadings to Briant and Briant's delay in opening the email attachment were inadvertent.[2] LivaNova Deutschland further argues that vacating the default would not prejudice Plaintiffs in any way, and notes that Plaintiffs do not argue otherwise. Finally, LivaNova Deutschland maintains that the affirmative defenses in the proposed answer to the Amended Complaint are more than enough to satisfy the "meritorious defense" factor. *See INVST Fin. Grp., Inc. v. Chem-Nuclear Sys., Inc.*, 815 F.2d 391, 399 (6th Cir. 1987) ("[A] defense is sufficient if it contains even a hint of a suggestion which, proven at trial, would constitute a complete defense. The key consideration is to determine whether there is some possibility that the outcome of the suit after a full trial will be contrary to the result achieved by the default.") (internal citations and quotation marks omitted).

---

[2] In this regard LivaNova Deutschland also points out that Svitak had emailed Hakala inquiring about the status of service on LivaNova Deutschland. That email was sent well before the actual service date of August 11, and thus has nothing to do with the delays *after* that date, but it does evince some degree of overall diligence on LivaNova Deutschland's part.

7

Plaintiffs indeed do not argue that they would suffer prejudice if the default were set aside, and the only argument they make regarding the merits of LivaNova Deutschland's alleged defenses is conclusory and undeveloped. Plaintiffs' argument depends almost entirely on the first factor—whether the default was willful—and the crux of the argument is that, as Plaintiffs put it, "[t]he only reason [LivaNova Deutschland] didn't know when to answer is because it has been acting willfully to avoid that information." (Pls.' Resp. at 11, Pg ID 906.) Plaintiffs contend that this is primarily because LivaNova Deutschland refused to waive service and instead put Plaintiffs to the trouble of serving LivaNova Deutschland under the Hague Convention. Had they simply waived service, according to Plaintiffs, there would have been no ambiguity about the due date, which means that any ambiguity in that regard was created by LivaNova Deutschland. Plaintiffs also claim that LivaNova Deutschland had ample notice in several respects: from the email to Defendants' counsel the day the Complaint was filed on May 31, from the request for waiver of service mailed on June 5, from the service effected on August 11, from the certificate of service filed on September 8, and from the request for entry of default itself (which is a public filing) filed on September 11.

LivaNova Deutschland correctly points out that the last two of these can hardly be said to constitute notice, since Plaintiffs filed the certificate of service three days before requesting the entry of default, and since the default itself was entered

8

the same day that Plaintiffs requested it. Additionally, the first two items on Plaintiffs' list are not strictly relevant to the question of willfulness on LivaNova Deutschland's part, since they occurred well *before* service was effected on LivaNova Deutschland on August 11, 2017. Indeed, those two preliminary communications between Svitak and Hakala are only relevant if the Court accepts Plaintiffs' implicit premise that LivaNova Deutschland's refusal to waive service was a bad-faith act. This premise is false. Plaintiffs cite no authority supporting the contention that a foreign defendant acts in bad faith when it refuses to waive its right to service, and as Svitak aptly pointed out in her June 8 email to Hakala, Rule 4(d)(2) only penalizes defendants located in the United States who refuse to waive service—and even then only for "good cause." This Court rejects the notion that LivaNova Deutschland's insistence upon proper service was somehow a bad-faith act.

This leaves the question of whether the month-long lapse between the delivery of the pleadings to LivaNova Deutschland on August 11, 2017 and the entry of default on September 11, 2017 constituted a culpable act by LivaNova Deutschland, defined as an act which "display[s] either an intent to thwart judicial proceedings or a reckless disregard for the effect of its conduct on those proceedings." *Shepard Claims Serv., Inc.*, 796 F.2d at 194. The Court finds that it did not. LivaNova Deutschland's explanation for the delay is that its legal team was on holiday for much of August, which accounts for the initial two-week delay, and that Briant then

9

failed to open the email attachment containing the answer due date for another two to three weeks. This explanation is supported by the Briant Declaration, and is not controverted by any evidence submitted by Plaintiffs. The delays are not insignificant, but they also do not rise to the level of willful or culpable conduct. Plaintiffs state no plausible theory of any benefit LivaNova Deutschland would obtain from intentionally frustrating the proceedings in this way, and Sixth Circuit precedent strongly favors "a policy of resolving cases on the merits instead of on the basis of procedural missteps." *United States v. $22,050.00 U.S. Currency*, 595 F.3d at 322. The lack of prejudice to Plaintiffs, as well as the absence of any colorable argument that LivaNova Deutschland's asserted defenses lack merit, further support the conclusion that the default should be set aside pursuant to Rule 55(c).

## IV. CONCLUSION

For the above reasons, the Court hereby GRANTS LivaNova Deutschland's Motion to Vacate the Clerk's Entry of Default and File an Answer to the First Amended Complaint. (ECF No. 21.) The Clerk's Entry of Default (ECF No. 20) is hereby VACATED, and LivaNova Deutschland shall file its proposed answer to the Amended Complaint within **seven (7) days of the date of this Opinion and Order**.

IT IS SO ORDERED.

s/Paul D. Borman  
Paul D. Borman  
United States District Judge

Dated: November 15, 2017

CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on November 15, 2017.

s/D. Tofil  
Deborah Tofil, Case Manager